# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| **SHAWNTEL JOHNSON,** | |
| *Plaintiff*, | Case Number:   8:24-cv-00356 |
| v. | |
| **EXPERIAN INFORMATION SOLUTIONS, INC.,** | **JURY TRIAL DEMANDED** |
| *Defendant*. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Shawntel Johnson ("**Ms. Johnson**"), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendant, Experian Information Solutions, Inc. ("**Experian**"), stating as follows:

## PRELIMINARY STATEMENT

1. This is an action brought by Ms. Johnson against the Defendant for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("**FCRA**").

## JURISDICTION AND VENUE

2. Subject matter jurisdiction arises under the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

3. Experian is subject to the provisions of the FCRA and is subject to the jurisdiction of this Court pursuant to § 48.193, Fla. Stat., and Fed. R. Civ. P. 4(k).

Page 1 of 19

4. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §1391(b)(2) because the acts complained of were committed and / or caused by the Defendants within Hillsborough County, which is in the Middle District of Florida.

## PARTIES

5. Ms. Johnson is a natural person residing in the City of Tampa, Hillsborough County, Florida.

6. Ms. Johnson is a *Consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c).

7. Experian is an Ohio corporation, with a principal business address of 475 Anton Boulevard, Costa Mesa, CA 92626.

8. Experian is registered to conduct business in the State of Florida, where its Registered Agent is CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324.

9. Experian is a nationwide Consumer Reporting Agency ("**CRA**") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that it, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses various means of interstate commerce for the purpose of preparing

or furnishing consumer reports, specifically including mail and telephone communications.

## FACTUAL ALLEGATIONS

### Experian Reports False 'Date of Status'

10. Around May 2013, Ms. Johnson opened a checking account at what was, at the time, Railroad & Industrial Credit Union.

11. Railroad & Industrial Credit Union is now known as Trax Federal Credit Union ("Trax").

12. Around December 2018, the checking account became overdrawn by $71.

13. In March 2019, Trax reported the account to Experian, stating the $71 balance was charged-off.

14. Around December 2020, Ms. Johnson settled the account with Trax.

15. However, Trax failed to make any new report to Experian indicating the balance was now $0 and that the account was paid.

16. In June 2023, Ms. Johnson requested and obtained a copy of her consumer credit disclosure from Experian.

17. Experian's June 2023 disclosure to Ms. Johnson indicated the Trax tradeline still reporting, last updated in May 2020, noting "$71 past due as of May

2020" with a "recent balance" of $71, reported May 31, 2020. **SEE PLAINTIFF'S EXHIBIT A.**

18. Thus, in June 2023, the Trax tradeline had not been updated for more than three years.

19. Experian requires is data furnishers to adhere to Metro 2 standards for credit reporting. Metro 2 is a uniform set of reporting standards and a *lingua franca* utilized by large nationwide CRAs for consumer reporting.

20. Metro 2 standards *require* data furnishers to make monthly updates to balances, payment histories, etc., for any account that does not have a $0 balance.

21. Trax's failure to make a normal, monthly, in-cycle report after May 2020 should have put Experian on notice the data it was reporting was no longer accurate or up to date.

22. Despite the fact that the Trax tradeline was years out-of-date, and woefully non-compliant with Metro 2 standards, Experian continued to include the data in reports it compiled and sold concerning Ms. Johnson.

23. Experian has no reasonable procedures in place to prevent obviously out-of-date information from appearing in a consumer's credit history.

24. It is virtually axiomatic that the balance of a past-due account could potentially change from time to time; this is the apex of the reasons Metro 2 guidelines require monthly reporting and updating.

25. As such, including balances years out-of-date is inherently unreasonable.

26. Experian asserts it is the responsibility of the data furnisher to correct and update information on a timely basis, yet its automated systems do nothing at all if tradelines which are required to be updated monthly are not updated monthly.

27. Trax likewise failed to make any new report to Trans Union.

28. Around July 2023, Ms. Johnson disputed the errant Trax tradeline to Trans Union, specifically disputing the $71 balance reported owed.

29. Trans Union, upon receipt of Ms. Johnson's dispute, sent Trax an *Automated Consumer Dispute Verification* Request ("**ACDV**") through a system known as e-OSCAR, and asked it to make a reasonable investigation into the dispute.

30. Trax responded to the ACDV that the information required update to reflect a $0 balance, and returned the ACDV to Trans Union.

31. Trax also updated its reporting through e-OSCAR to Experian to reflect a $0 balance.

32. However, due to significant and considerable flaws in Experian's automated systems, when an unpaid, charged-off account is updated to a "paid" status through e-OSCAR, Experian's systems automatically change the reported "date of status" and the "date first reported" to the current month.

33. The "date of status" indicates when the account achieved the status which it currently reflects, e.g. "paid charge off."

34. In the instant matter, Trax reported the account as a "paid charge off" as of June 2020.

35. Thus, the account should have reflected a June 2020 "date of status."

36. However, as a result of this flaw in Experian's systems, following Ms. Johnson's dispute, Experian reported the Trax tradeline with a status of "paid charged off" and a "date of status" of July 2023. **SEE PLAINTIFF'S EXHIBIT B.**

37. Experian also reported the Trax tradeline with a "date first reported" of July 2023. *Id.*

38. Experian deleted all previous information reported, leaving only data for July 2023 intact and reporting.

39. As is virtually axiomatic, the date an account is first reported and the date a status first occurs are not subject to change.

40. Incorporating data into a consumer's credit file which is substantially different than what the creditor reported – and which is contradicted by previously-reported information from that same creditor – is inherently unreasonable.

41. Almost all commercially-used credit scores, including FICO® Model II, which is used by mortgage lenders when evaluating an applicant for a federally-

guaranteed home loan, heavily consider the reported "date of status" of an adverse tradeline, like the Trax account.

42. The more recent the "date of status" is reported, the more significantly the negative item affects the consumer's credit score.

43. Since Experian's automated systems deleted all prior reporting submitted by Trax – which showed it was first reported as a charge-off in March 2019 – the result was a tradeline erroneously indicating the account was *first reported* as a charge-off in July 2023, and then paid the same month.

44. "Charge off" is the worst of nine possible ratings an account can be reported, as it indicates an account so severely delinquent the creditor has deemed the debt a likely loss and thus charged it to profit-and-loss.

45. Even a "paid charge off" is nonetheless a highly adverse tradeline, especially if date of first reporting is recent.

46. Thus, in July 2023, Ms. Johnson's report now indicated a creditor had first reported an account as charged-off that very month.

47. As a direct result of this, Ms. Johnson's Experian FICO® score dropped over 30 points.

48. On July 26, 2023 Experian sold a consumer report regarding Ms. Johnson with this obviously-false information to Citibank, concerning a Home Depot charge card application.

49. Experian also sold a consumer report to Trax, in connection with Ms. Johnson's application for an unsecured loan.

50. As a result of Experian's false reporting, Ms. Johnson received a higher interest rate than she otherwise would have.

51. Experian also sold a defective consumer report to Vandyk Mortgage, regarding Ms. Johnson.

52. While Vandyk Mortgage was able to approve Ms. Johnson for a home loan, which closed on or about July 28, 2023, it was not able to offer her the interest rate it otherwise would have been able to, had Ms. Johnson's credit score been higher.

## Experian's Knowledge

53. The fact Experian's systems falsely generate dates of status of the current month rather than what the data furnisher actually reported is well known to Experian.

54. For example, approximately 2.1 million consumers were affected by the same flaw, which caused medical debts reported by Heathcare Revenue Recovery Group to erroneously show a "date of status" as the current month. See *Omar Santos et. al vs. Experian Information Solutions et. al*, Case 22-11187, 11th Cir. Court of Appeals, Nov. 6, 2023.

55. In the case of the 2.1 million Heathcare Revenue Recovery Group tradelines, the error went on for a year-and-a-half before Experian noticed the issue.

56. Credit scores can "be affected by how long an account has been in collection—with more recent collection (or charged-off) accounts having a greater negative impact." *Santos*, Id.

57. Despite being aware of this issue – and, indeed, Experian's employees "worrying" about the impact to consumer's credit scores – Experian still has not fixed this issue.

58. Experian continues, as of the day of this filing, to sell reports it knows have obvious and clear flaws in them due to the erroneous automatic updating of the Date of Status to show as the current month on particular tradelines.

### Ms. Johnson's Disputes Directly to Experian

59. Around August 1, 2023, Ms. Johnson disputed the Trax tradeline to Experian.

60. Experian then sent Trax an ACDV, which Trax returned on or about August 20, 2023.

61. Experian updated the Trax tradeline in response to Ms. Johnson's dispute, and reported that the "date first reported" was now August 2023, deleted all history prior to this date, and reported the account as "open," even though this particular account had been closed for years. **SEE PLAINTIFF'S EXHIBIT C.**

62. Experian therefore failed to conduct a reasonable reinvestigation into Ms. Johnson's dispute, as any reasonable reinvestigation would not have resulted in the false "open" status and altering of the "date first reported," which made the account appear more recent.

63. Experian did, however, report the account with a $0 balance. *Id.*

64. Thus, even when updating information favorably to Ms. Johnson, the tell-tale signs of the same, root-level, systemic flaw were present: the "date first reported" updated to the current month, despite this being false.

65. In addition to the aforementioned reports Experian sold about Ms. Johnson, it has sold at least 15 other reports containing these false "Date of Status" to Ms. Johnson's creditors, and potential creditors in the past 24 months, resulting in substantially lower credit scores reflected due to Experian's false and unwarranted "re-aging" of the debt.

66. Ms. Johnson has also suffered damage to her reputation, emotional distress stemming from the loss of credit, and has spent time and money forcing Experian to comply with its statutory obligations, including finding and engaging attorneys.

67. Ms. Johnson has hired this law firm to represent her in this matter and has assigned the firm her right to fees and costs.

## COUNT I
## EXPERIAN'S WILLFUL VIOLATIONS OF THE FCRA
## 15 U.S.C. § 1681e(b)

68. Ms. Johnson adopts and incorporates paragraphs 1 – 67 as if fully stated herein.

69. Experian violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of consumer reports sold regarding Ms. Johnson when Experian sold multiple reports which contained the Trax tradeline which either: (1) falsely reported a paid balance as unpaid, or (2) contained a false Dates of Status as to when it first became a paid charge-off, a problem Experian was aware of but elected not to fix.

70. Experian has known of this error for years but has yet to correct it.

71. Experian's conduct was thus willful, and as a result, Experian is liable to Ms. Johnson, pursuant to 15 U.S.C. § 1681n, for the greater of Ms. Johnson's actual damages or statutory damages of up to $1,000 for *each occurrence*, reasonable attorneys' fees, and costs.

**WHEREFORE,** Ms. Johnson respectfully requests this Honorable Court enter judgment against Experian for:

    a.    The greater of Ms. Johnson's actual damages or statutory damages of $1,000 per incident, pursuant to 15 U.S.C. § 1681n(a)(1);

    b.    Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

    c.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. §1681n(a)(3); and,

    d.    Such other relief that this Court deems just and proper.

**COUNT II**
**EXPERIAN'S NEGLIGENT VIOLATIONS OF THE FCRA**
**15 U.S.C. § 1681e(b)**

72.    Ms. Johnson adopts and incorporates paragraphs 1 – 67 as if fully stated herein.

73.    Experian violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of consumer reports sold regarding Ms. Johnson when Experian sold multiple reports which contained the Trax tradeline which either: (1) falsely reported a paid balance as unpaid, or (2) contained a false Dates of Status as to when it first became a paid charge-off, a problem Experian was aware of but elected not to fix.

74.    Experian owed Ms. Johnson a legal duty to utilize reasonable procedures to assure the maximum possible accuracy of consumer reports it sold regarding Ms. Johnson.

75.    Experian breached this duty when it sold multiple reports which contained the Trax tradeline which either: (1) falsely reported a paid balance as unpaid, or (2) contained a false Dates of Status as to when it first became a paid charge-off.

76. Experian's conduct was thus negligent, and as a result, Experian is liable to Ms. Johnson, pursuant to 15 U.S.C. § 1681o, for Ms. Johnson's actual damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Ms. Johnson respectfully requests this Honorable Court enter judgment against Experian for:

a. Ms. Johnson's actual damages, pursuant to 15 U.S.C. § 1681o(a)(1);

b. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. §1681o(a)(2); and,

c. Such other relief that this Court deems just and proper.

## COUNT III
## EXPERIAN'S WILLFUL VIOLATIONS OF THE FCRA
## 15 U.S.C. § 1681i(a)(1)(A)

77. Ms. Johnson adopts and incorporates paragraphs 1 – 67 as if fully stated herein.

78. Experian violated **15 U.S.C. § 1681i(a)(1)(A)** when it failed to conduct a reasonable investigation after receiving notice from Ms. Johnosn that she disputed the Trax tradeline, as Experian's investigation resulted in the tradeline being updated with a new "date first reported" and a false status of "open."

79. Experian has known that its dispute procedures result in tradelines being falsely updated with a new "date first reported" for years, but has not changed them.

80.     Experian's conduct was thus willful, and as a result, Experian is liable to Ms. Johnson, pursuant to 15 U.S.C. § 1681n, for the greater of Ms. Johnson's actual damages or statutory damages of up to $1,000 for *each occurrence*, reasonable attorneys' fees, and costs.

**WHEREFORE,** Ms. Johnson respectfully requests this Honorable Court enter judgment against Experian for:

a.  The greater of Ms. Johnson's actual damages or statutory damages of $1,000 per incident, pursuant to 15 U.S.C. § 1681n(a)(1);

b.  Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.  Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. §1681n(a)(3); and,

d.  Such other relief that this Court deems just and proper.

## COUNT IV
## EXPERIAN'S NEGLIGENT VIOLATIONS OF THE FCRA
## 15 U.S.C. § 1681i(a)(1)(A)

81.     Ms. Johnson adopts and incorporates paragraphs 1 – 67 as if fully stated herein.

82.     Experian violated **15 U.S.C. § 1681i(a)(1)(A)** when it failed to conduct a reasonable investigation after receiving notice from Ms. Johnosn that she disputed the Trax tradeline, as Experian's investigation resulted in the tradeline being updated with a new "date first reported" and a false status of "open."

83. Experian owed Ms. Johnson a legal duty to investigate her dispute into the Trax tradeline.

84. Experian breached this duty when its dispute investigation procedures resulted in the Trax tradeline being updated with new false information, including the account status and "date first reported."

85. Experian's conduct was thus negligent, and as a result, Experian is liable to Ms. Johnson, pursuant to 15 U.S.C. § 1681o, for Ms. Johnson's actual damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Ms. Johnson respectfully requests this Honorable Court enter judgment against Experian for:

a. Ms. Johnson's actual damages, pursuant to 15 U.S.C. § 1681o(a)(1);

b. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. §1681o(a)(2); and,

c. Such other relief that this Court deems just and proper.

## JURY TRIAL DEMANDED

Ms. Johnson hereby demands a trial by jury on all issues so triable.

Respectfully submitted on **February 6, 2024**, by:

**SERAPH LEGAL, P. A.**

/s/ *Bryan J. Geiger*
Bryan J. Geiger, Esq. (lead counsel)
Florida Bar No.: 119168
2124 West Kennedy Boulevard, Suite A
Tampa, Florida 33606
P: (813) 567-1230
F: (855) 500-0705
BGeiger@SeraphLegal.com
*Attorney for Plaintiff*

## EXHIBIT LIST

| | |
|---|---|
| A | Experian's Disclosure to Ms. Johnson, June 1, 2023, Trax Tradeline |
| B | Experian's Disclosure to Ms. Johnson, August 1, 2023, Trax Tradeline |
| C | Experian's Disclosure to Ms. Johnson, August 24, 2023, Trax Tradeline |